# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL F. MARQUES,

    *Plaintiff*,

vs.

DWIGHT NEVEN, *et al.*

    *Defendants*.

2:08-cv-00656-RLH-RJJ

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review of the third amended complaint (#21) under 28 U.S.C. § 1915A. Following review of the present pleading and the prior procedural history in this case, the Court concludes that the matter should be dismissed with one final opportunity to amend.

### *Background*

Plaintiff Manuel Marques seeks to challenge a November 2007 prison disciplinary conviction for theft and possession of unauthorized or stolen property. It appears that the disciplinary conviction resulted in plaintiff being placed in administrative segregation for ninety days, being reduced two levels in his inmate classification, being ordered to pay restitution, and receiving an adverse notation in his prison record.

Prior to the entry of an initial screening order, plaintiff filed a first amended complaint (#9). The only defendant named in the first amended complaint was Warden Dwight Neven. The Court's initial screening order (#10) directed service of the first amended complaint.

1   On defendants' subsequent motion to dismiss, the Court dismissed with prejudice
2   plaintiff's equal protection claim and his due process claim "as it relates to administrative
3   segregation and to the negative disciplinary notation." The Court also dismissed plaintiff's
4   due process claim "as it relates to payment of restitution" but without prejudice and with leave
5   to amend to state a claim against defendant Neven in his individual capacity. In this regard,
6   the Court held that plaintiff had failed to allege how defendant Neven was personally involved
7   in a due process deprivation based upon plaintiff allegedly being required to pay restitution
8   without being given notice. See #16, at 4-5 & 7.

9   The Court additionally held in the order granting the motion to dismiss, *inter alia*, that
10  claims against defendant Neven in his official capacity, at least as to claims seeking monetary
11  relief or retroactive restitution, were barred by the state sovereign immunity recognized by the
12  Eleventh Amendment. See #16, at 3.

13  Thereafter, the Court granted a belated motion by plaintiff for an extension of time to
14  respond to defendant's motion to dismiss. See #18, at 5.[1]

15  Plaintiff thereafter filed a second amended complaint (#19) rather than a response to
16  the motion to dismiss. The amended pleading sought to add additional defendants, including
17  the State of Nevada and the Nevada Department of Corrections (NDOC).

18  In the following screening order (#20), the Court held, in the main, that plaintiff had
19  failed to comply with the local rule requiring that he use the Court's required Section 1983
20  complaint form. Plaintiff instead used the first two and last three pages of the complaint form
21  essentially as a cover for an otherwise handwritten complaint. The Court stated that plaintiff
22  "must use the required form for the entirety of the complaint," "must complete all applicable
23  inquiries on the complaint form," including those specifying the capacity in which defendants
24  were sued and identifying the civil rights violated; and must use separate pages to set forth
25  separate counts in the complaint. #20, at 1.

---

27  [1] Plaintiff had filed a response to the motion to dismiss prior to the Court's order granting the motion to
    dismiss. See #15. The Court granted the after-the-fact motion for an extension of time out of an abundance
28  of caution.

1  Plaintiff was informed that he should not include legal authority or argument and that
2 he "instead should state only the facts supporting each claim against the defendant(s)." #20,
3 at 1.
4  The Court further dismissed the State and NDOC due to the state sovereign immunity
5 recognized by the Eleventh Amendment.
6  The Court gave plaintiff thirty days to file an amended complaint on the proper form,
7 with the admonition that the action would be dismissed if he failed to do so.
8  In the third amended complaint, plaintiff lists "Nevada (N.D.O.C.)" in the caption of the
9 pleading despite the clear dismissal of the State and NDOC under the Eleventh Amendment.
10  Plaintiff does not specify the capacity in which the defendants are sued or identify the
11 civil rights violated in the appropriate sections of the complaint form. Plaintiff further seeks
12 to state the final five counts on a single page, despite the Court's prior order.
13  More to the point, however, the allegations of the third amended complaint are
14 conclusory to the extreme. For example, under Count I, plaintiff alleges only:

> #1 Plaintiff was knocked down two levels without probable cause and/or without any evidence of any wrong doing, violating the 14th Amendment.

17 #21, at 4.
18  With regard to the prior dismissal order, plaintiff does not include any allegations of
19 actual fact that would support an inference that the original defendant, Neven, was personally
20 involved in a due process deprivation based upon plaintiff allegedly being required to pay
21 restitution without being given notice. The body of the complaint contains no allegations as
22 to Neven. In the list of defendants, plaintiff states as to Neven only that "defendant went
23 above the law, and charged plaintiff without evidence."
24  The allegations against the added defendants – James Hensen, Lt. Robinson, and
25 Greg Cox – similarly are wholly conclusory and bare allegations.
26  The third amended complaint further seeks to pursue claims that clearly have been
27 dismissed with prejudice, including due process claims concerning, for example, the negative
28 disciplinary notation in plaintiff's prison record.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

### *Discussion*

The bare and conclusory allegations of the third amended complaint fail to state a claim upon which relief may be granted, against any defendant. Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. The present pleading does not correct the deficiency identified in the order on the motion to dismiss, seeks to pursue claims that have been dismissed with prejudice, and does not otherwise state a viable claim against any defendant named in the third amended complaint. To the extent that plaintiff additionally seeks to proceed under the Eighth Amendment, the actions taken following the disciplinary conviction do not give rise to a viable claim that plaintiff was subjected to cruel and unusual punishment. Further, under 42 U.S.C. § 1997e(e), plaintiff may not recover compensatory damages for pain and suffering absent physical injury.

Given the more particularized allegations of the second amended complaint that was not properly presented on the required form, and out of an abundance of caution, the Court will give plaintiff one final opportunity to properly present viable claims. The present complaint, as amended, therefore will be dismissed, subject to one final opportunity to amend.

IT THEREFORE IS ORDERED that the third amended complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend to properly state viable claims within thirty (30) days of entry of this order.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the words "FOURTH AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:08-cv-00656-RLH-RJJ, above the words "FOURTH AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from

1  prior papers that are not carried forward in the amended complaint no longer will be before
2  the Court.
3      The Clerk shall provide plaintiff with a copy of the second and third amended
4  complaints together with two copies of a § 1983 complaint form and one copy of the
5  instructions for same.
6      If an amended complaint is filed in response to this order, the Court will screen the
7  amended pleading before ordering any further action in this case.
8      If plaintiff does not timely mail an amended complaint to the Clerk for filing that properly
9  presents a viable claim for relief, final judgment will be entered dismissing this action.
10      DATED:   December 23, 2010.

_____
ROGER L. HUNT
Chief United States District Judge